UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 2970-7528 QUEBEC, INC., a corporation of the Canadian Province of Quebec, d/b/a AUTO H. GREGOIRE, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 03 C 7210 |
| OWL ENTERPRISES, INC. and PETER LAGIOS, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on the motion of the Defendants, Owl Enterprises, Inc. and Peter Lagios (referred to collectively as "Owl") for dismissal of the Plaintiff's amended complaint. For the reasons set forth below, the motion is denied.

## **BACKGROUND**

2970-7528 Quebec. Inc. ("2970") is a corporation duly organized under the laws of Quebec and does business under the name of Auto H. Gregoire. Owl Enterprises, Inc. is a corporation duly organized in accordance with the laws of Illinois, engaged

in the purchase and sale of used automobiles. Peter Lagios is the principal shareholder and director of Owl Enterprises, Inc.

On October 10, 2003, the Plaintiff (using the name Auto H. Gregoire) filed a four-count complaint in this court, under 28 U.S.C. § 1332(a)(2) diversity jurisdiction, alleging breach of contract, breach of fiduciary duty, fraud, and a request for an accounting. Owl moved for dismissal of that complaint, arguing that Auto H. Gregoire did not have capacity to sue pursuant to Fed. R. Civ. P. 17(b) and 805 ILCS 5/13.70. Owl asserted that Auto H. Gregoire was transacting business in Illinois without authority to do so and thus was not permitted to maintain a civil action in any Illinois court until such authority was obtained.

On April 14, 2004, we granted Plaintiff leave to file an amended complaint and denied all pending motions without prejudice. Thereafter, on May 13, 2004, the Plaintiff filed an amended complaint, in which the Plaintiff changed its name to 2970-7528 Quebec, Inc., a corporation of the Canadian Province of Quebec, d/b/a Auto H. Gregoire. According to the new pleading, 2970 had obtained the status and accompanying documentation from the Office of the Illinois Secretary of State necessary to maintain a civil action under 805 ILCS 5/13.70. Owl again moved for dismissal, arguing that while 2970 may have obtained the appropriate status, Auto H. Gregoire had not. We denied Owl's objection without prejudice on May 27, 2004.

Presently, Owl once again moves for dismissal of Plaintiff's complaint, asserting that there is no proper legal relationship set forth by any legal certification between 2970 and Auto H. Gregoire, thus rendering the Plaintiff without the capacity to sue.

## DISCUSSION

Capacity is the ability of a particular individual or entity to use, or to be brought into, the courts of a forum. Mather Constr. Co. v. United States, 475 F.2d 1152, 1155 (Ct. Cl. 1973); Basch v. Talley Ind., Inc., 53 F.R.D. 9, 11 (S.D.N.Y. 1971). It has no direct correlation to the conducting of business, the existence of an enforceable right, interest, cause of action, claim or defense, or whether a party is a real party in interest. See DeFranco v. United States, 18 F.R.D. 156, 159 (S.D. Cal. 1955) (differentiated from cause of action); C. Wright and A. Miller, 6 Federal Practice and Procedure: Civil § 1559, at 727-28 (1971).

Fed. R. Civ. P. 17(b) states in pertinent part that the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In the present action, 2970 is organized under the laws of Canada. According to Canadian law, a corporation has the power to sue and be sued. Canada Federal Statutes Interpretation Act, R.S.C., ch. I-21, § 21(1)(a) (Can.). Thus, as a duly authorized Canadian corporation, 2970 has the capacity to sue and be sued under Canadian law.

Next, we must determine whether 2970 has the capacity to sue when transacting business outside of Canada. Section 15(3) of the Canada Business Corporations Act contains a provision dealing with a corporation's extra-territorial capacity. That section provides that "[a] corporation has the capacity to carry on its business, conduct its affairs and exercise its powers in any jurisdiction outside Canada to the extent that the laws of such jurisdiction permit." Canada Business Corporations Act, R.S.C., ch. C-44, § 15(3) (Can.). Thus, the next stage of our analysis turns to applicable provisions of Illinois law to determine 2970's capacity to sue within this state.

Under Illinois law, "no foreign corporation transacting business in this State without authority to do so is permitted to maintain a civil action in any court of this State, until the corporation obtains that authority." 805 ILCS 5/13.70. 2970 has provided the necessary documentation to evidence that it is duly authorized to do business in the state of Illinois by the Illinois Secretary of State.

Owl concedes that 2970 qualifies as a filing entity under Illinois law, but quarrels with Auto H. Gregoire's capacity to bring suit. Owl suggests that 2970 may not legitimize Auto H. Gregoire as the business entity entitled to bring suit by referring to it as "d/b/a Auto H. Gregoire." Further, Owl urges that there is no proper legal relationship set forth, by any legal certification, between the new named Plaintiff (2970) and the old named Plaintiff (Auto H. Gregoire). This argument is

unconvincing. The information presently before the court indicates that 2970 is legally permitted to bring suit under both Canadian and Illinois law. Owl has not factually challenged 2970's capacity to sue in Illinois and in fact concedes its ability to do so. The mere fact that 2970 conducts business under a the name Auto H. Gregoire does not foreclose suit being brought in this court.

## CONCLUSION

Based on the foregoing analysis, Owl's motion to dismiss for lack of subject matter jurisdiction[1] is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: January 27, 2005

---

[1] The Federal Rules of Civil Procedure do not provide for a motion to dismiss for lack of capacity. Thus, the court construes Owl's motion to dismiss the complaint as a motion to dismiss for lack of subject matter jurisdiction. See C. Wright & A. Miller, 6 Federal Practice and Procedure: Civil § 1559 (1971).