UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

2070-7528 QUEBEC, INC., a corporation )
the Canadian Province of Quebec, )
a/k/a AUTO H. GREGOIRE, )
)
         Plaintiff, )
)
vs. ) 03 C 7210
)
OWL ENTERPRISES, INC., and )
PETER LAGIOS, )
)
         Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on the motion of the Defendants, Owl Enterprises, Inc. and Peter Lagios (referred to collectively as "Owl") for dismissal of Count Three[1] of the Plaintiff's amended complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

2970-7528 Quebec. Inc. ("2970") is a corporation duly organized under the laws of Quebec and does business under the name of Auto H. Gregoire. 2970 is a high

---

[1] In its motion, Owl moves for dismissal of "Count II, Fraud." However, 2970's amended complaint has four separate counts, numbered as follows: Count One, Breach of Contract; Count Two, Breach of Fiduciary Duty; Count Three, Fraud; Count Four, Accounting. Accordingly, we treat Owl's motion as a motion to dismiss Count Three.

volume wholesale and retail seller of both new and used automobiles. Owl Enterprises, Inc. is a corporation duly organized in accordance with the laws of Illinois, engaged in the purchase and sale of used automobiles. Peter Lagios is the principal shareholder and director of Owl Enterprises, Inc.

According to 2970, its agents would regularly attend major automobile industry auctions in Illinois. As a result of this practice, Owl became aware of 2970's business and in March 2002, approached one of 2970's agents for the purpose of forming a business relationship. The parties allegedly entered into an agreement whereby 2970 agreed to provide Owl with a large volume of used automobiles on a consignment basis for resale.

The business arrangement allegedly fell apart and on October 10, 2003, 2970 (using the name Auto H. Gregoire) filed a four-count complaint in this court, under 28 U.S.C. § 1332(a)(2) diversity jurisdiction, alleging breach of contract, breach of fiduciary duty, fraud, and a request for an accounting. Thereafter, the complaint was amended and certain changes were made to the caption in response to objections asserted by Owl regarding 2970's capacity to bring suit in Illinois. 2970 did not make any changes to the substantive allegations embodied within the original complaint.

Owl now brings the present motion and requests that we dismiss Count Three of 2970's amended complaint on the grounds that it is an allegation of fraud not in

compliance with Fed. R. Civ. P. 9(b)[2] which provides that allegations of fraud shall be stated with particularity. We note that 2970 did not respond.

## DISCUSSION

The requirement for particularization and specificity in pleadings is dictated by Fed. R. Civ. P. 9(b) which provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Id.

As the Seventh Circuit has explained, by requiring "the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate . . . similar reasons explain why fraud plaintiffs are frequently required to prove their case by clear and convincing evidence rather than the usual mere preponderance." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999).

Here, Owl points to paragraphs 36 through 38 of 2970's amended complaint to support its motion to dismiss. In paragraph 36, 2970 alleges that "[Owl] had the actual

---

[2] In its motion, Owl refers to Rule 9(d) of the Federal Rules of Civil Procedure. However, the pertinent Rule is 9(b) which addresses pleading special matters such as fraud, mistake, or condition of the mind. Accordingly, we apply the provisions of Rule 9(b) for purposes of the present motion.

-3-

intent to abuse [2970's] trust and confidence and to misuse [Owl's] access to the goodwill enjoyed by [2970] within the automobile industry and to misuse the anticipated control over [2970's] funds and vehicles." In paragraph 37, 2970 alleges that in furtherance of Owl's plan, Owl "deliberately lulled [2970] into providing [it] with access to escalating amounts of [2970's] monies" so that [Owl] would enjoy the "exclusive benefit and control over a large volume of unencumbered late model vehicles." Finally, in paragraph 38, 2970 alleges that "[2970] relied upon [Owl's] false representations and was induced to impose increasingly greater trust and confidence upon [Owl's] feigned loyalty." Owl claims that this language is conclusory and does not meet the requirements of particularity embodied in Rule 9(b). We agree with Owl that this language standing alone does not specifically point to facts that would state a cause of action for fraud with particularity. In addition, the remaining paragraphs of Count Three also fail to allege specific and particular facts that would support a claim for fraud.

In paragraph 35 of Count Three, 2970 incorporated "those allegations of Jurisdiction, Parties, and Factual Background sections along with the First Cause of Action as though set forth in this cause of action." The factual background section makes allegations only with regards to the status of the parties and how their business relationship initially formed. No specific allegations are made with regard to fraud. In Count One of 2970's amended complaint, 2970 makes allegations that support the

notice pleading requirements for alleging breach of contract. However, Count One does not list any specific factual allegations that would support a claim for fraud.

The language of incorporation 2970 chose to use fell short of incorporating Count Two of 2970's amended complaint. Count Two is 2970's breach of fiduciary duty claim wherein 2970 makes somewhat more specific factual allegations regarding Owl's conduct. However, even these factual allegations, liberally read, fall short of the "who, what, where, and when of the alleged fraud" that is required in order to survive a motion to dismiss. See Ackerman, 172 F.3d at 469. Without more factual support, 2970's claim for fraud fails to meet the heightened pleading standards requirement of Rule 9(b).

## CONCLUSION

Based on the foregoing analysis, Count Three of 2970's complaint is dismissed without prejudice.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: _____April 5, 2005_____